FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2003 AUG 11 PM 3:23
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LARRY TURNER * NO: 03-2258
*
VERSUS * SECTION: SECT. K MAG. 5
*
PINE BLUFF SAND & GRAVEL COMPANY *
***************************************************************************

## COMPLAINT FOR DAMAGES

The Complaint of **LARRY TURNER,** a person of the full age of majority with respect represents:

**I.**

Defendant, **PINE BLUFF SAND & GRAVEL COMPANY**., (hereinafter "**[PINE BLUFF**") a foreign corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

**II.**

Jurisdiction of this Court is invoked under the Jones Act and General Maritime Law.

**III.**

On or about February 5, 2003, **LARRY TURNER** was employed by **PINE BLUFF,** as a Jones Act Seaman aboard the M/V MARION.

___ Fee 150.00
___ Process
X Dktd
___ CtRmDep
___ Doc. No. 1

IV.

At all pertinent times hereto **PINE BLUFF** owned, operated and/or controlled the M/V MARION which was at all pertinent times a vessel in navigation.

V.

On or about February 5, 2003, plaintiff **LARRY TURNER** experienced an accident which resulted in serious painful injuries to his left knee while employed by **PINE BLUFF** and while being supervised by **PINE BLUFF**.

VI.

On information and belief, Plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **PINE BLUFF** in the following, non-exclusive respects:

a) Breach of a legally imposed duty of reasonable care owed by the Defendant to the Petitioner;

b) Failure to provide a reasonably safe place to work;

c) Failure to properly train and supervise plaintiff;

d) Failure to take any means or precautions for the safety of defendant's employees, including plaintiff;

e) Creation and maintenance of an unseaworthy vessel;

f) Failure to provide minimum safety requirements;

g) Failure to provide adequate equipment for the job in question;

h) Failure to provide adequate personnel for the job in question;

i) Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

VII.

As a direct result of the negligence of the defendants and the unseaworthiness of the vessel, Plaintiff, **LARRY TURNER,** is entitled to recover from the Defendant reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

(1) Past, present and future physical, mental and emotional pain and suffering in an amount not less than $500,000.00;

(2) Past, present and future loss of wages, fringe benefits and wage earning capacity in an amount not less than $500,000.00;

(3) Past and future physical disability in an amount not less than $500,000.00;

(4) Past, present and future medical expenses in an amount not less than $150,000.00; and

(5) All other special and general damages as will be shown at the trial of this matter.

VIII.

Pursuant to the General Maritime Law of the United States of America, **PINE BLUFF** had and continues to have the absolute and nondelegable duty to provide Petitioner with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

**IX.**

As a result of the aforementioned accident, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

**X.**

Therefore, the plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Should defendant, **PINE BLUFF** fail to honor its maintenance and cure obligation, the plaintiff is entitled to attorney's fees, damages and an additional compensatory award for any acts of negligence on the part of the defendants which would result in a deterioration of the plaintiff's medical condition.

**XI.**

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Plaintiff prays that Defendant **PINE BLUFF SAND & GRAVEL COMPANY** be duly cited to appear and answer this Petition and after the legal delays and due proceedings had and trial by jury, there be Judgment herein in favor of the Plaintiff, **LARRY TURNER,** and against the Defendant, **PINE BLUFF SAND & GRAVEL COMPANY** , for all damages to which the Plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, plaintiff prays that defendant, **PINE BLUFF SAND & GRAVEL COMPANY** be cast in judgment in favor of the plaintiff for past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully Submitted,

TIMOTHY J. YOUNG (22677)
**YOUNG, RICHAUD & MYERS**
Suite 1515 Energy Center
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 585-7750